[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 28, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-14052
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-14054-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO CLARO,

Defendant-Appellant.

------------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------------------------

**(July 28, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Arturo Claro ("Defendant") appeals his 18-month sentence for conspiracy to manufacture, distribute, and dispense marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 846. No reversible error has been shown; we affirm.

Defendant and 18 others were charged in a 16-count superseding indictment for crimes arising from a conspiracy to grow and to sell marijuana. A three-day jury trial was held; but when the jury deadlocked, the district court declared a mistrial. Rather than submit to a re-trial, Defendant pled guilty to Count 15 of the indictment for conspiracy to manufacture, distribute, and dispense 100 or more marijuana plants.

According to the presentence investigation report ("PSI"), Defendant was responsible for 565 plants and 9.98 kilograms of marijuana (equivalent to a total of 66.48 kilograms of marijuana) found at various locations. Pursuant to U.S.S.G. § 2D1.1, the PSI set Defendant's base offense level at 22. Because a firearm was found at Defendant's residence, the offense level was increased by two, pursuant to section 2D1.1(b)(1). As a result, the total offense level was 24. Because Defendant had no criminal history points, his Guidelines range was initially calculated at 51 to 63 months' imprisonment. Pursuant to 21 U.S.C. § 841(b)(1)(B), however, Defendant's statutory minimum sentence was five years. Accordingly, his Guidelines range was adjusted upward in accordance with U.S.S.G. § 5G1.1(c)(2) and set at 60 to 63 months' imprisonment.

Defendant objected to the PSI on several grounds. In response to Defendant's objections, the Government agreed to hold Defendant responsible

only for the 322 plants located at the residence where he was staying and for 29 additional plants harvested at another location. The Government further agreed not to challenge Defendant's eligibility for relief under the safety-valve provision of U.S.S.G. § 5C1.2; and it also conceded that Defendant should receive a sentence reduction for acceptance of responsibility. At the sentencing hearing, Defendant argued that he was entitled to a minor-role reduction of two levels under U.S.S.G. § 3B1.2. Defendant asserted that he was involved in the conspiracy for a "relatively short period of time" and that other co-conspirators were more involved. Defendant also claimed that he did not own the plants or the house where they were grown and that he merely "helped cultivate" the plants along with other co-conspirators.

The district court denied Defendant's request for a minor-role adjustment based on its finding that Defendant was "personally responsible" for the 322 plants at his residence and for the firearm located there. The district court also determined that Defendant's involvement was substantial compared to many other participants in the conspiracy. After considering all the evidence, the district court found that Defendant had been involved in the conspiracy for four to six weeks and that he had been responsible for 322 marijuana plants. As a result, the court set the offense level at 15 and calculated the Guidelines range to be between 18

and 20 months' imprisonment.  Based on the factors listed in 18 U.S.C. § 3553(a), the district court sentenced Defendant to 18 months in prison, a sentence at the low end of the Guidelines range.

The sole issue that Defendant raises on appeal is whether the district court erred in denying his request for a minor-role adjustment.  Defendant contends that his role was minor because he did not own the plants or the house where they were grown, he did not set the house up for growing the plants, he participated in the conspiracy for only four to six weeks, and he never received payment for his involvement in the conspiracy.  Defendant also argues that he was less culpable than the other co-conspirators in the house, especially the owners.

Defendant bears the burden of establishing his role by a preponderance of the evidence.  See United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002).  A court's decision about "a role adjustment is premised on a case-by-case factual inquiry."  Id.  Two elements are considered in determining whether a defendant merits a minor-role reduction.  First, the district court must consider "whether a defendant's particular role was minor in relation to the relevant conduct attributed to him in calculating his base offense level."  Id.  A downward adjustment may be applied only if the defendant played a relatively minor role in the conduct for which the defendant has already been held accountable: "not a minor role in any

larger criminal conspiracy." Id. at 1348-49. The second element, if reached, "requires the district court to assess a defendant's relative culpability vis-a-vis that of any other participants." Id. at 1349. A district court's determination of a defendant's role in an offense is a finding of fact that is reviewed only for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

We are unconvinced that the district court committed clear error in finding that Defendant played more than a minor role in the relevant conspiracy. On the record before us, that Defendant has failed to satisfy the first element of the minor-role reduction analysis is clear. Although many more plants were involved in the conspiracy, the district court set Defendant's offense level based only on the 322 plants found at the residence where he was living. The district court's finding that Defendant was "personally responsible" for those plants is amply supported by the record. Defendant has acknowledged that he "helped cultivate" the plants. In addition, testimony offered by the Government showed that Defendant lived where the plants were grown for at least "several weeks" and that he helped harvest the plants.

In the light of these facts, it appears that the conduct attributed to Defendant for sentencing purposes – namely, that he helped cultivate the 322 marijuana plants at his residence – is identical to his actual conduct. At the very least, the

role Defendant played at his residence – even if not identical – was certainly not minor in relation to the conduct attributed to him. We conclude, therefore, that Defendant has not met his burden of establishing "that [he] played a relatively minor role in the conduct for which [he] has already been held accountable" and that, as a result, he is not entitled to a downward adjustment. See Ryan, 289 F.3d at 1348-49 (internal quotation marks omitted). Because Defendant has failed the first element of the minor-role reduction analysis, we need not consider the second. The district court's decision to deny Defendant a minor-role adjustment was not clear error.

AFFIRMED.